IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES F. GAVRANOVIC, JR. | § | |
| | § | |
| v. | § | C.A. NO. C-08-243 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is being held at the Texas Department of Criminal Justice, Correctional Institutions Division's Smith Unit, which is located in Lamesa, Texas.

Petitioner is challenging his conviction in the 329th Judicial District Court in Wharton County, Texas for aggravated sexual assault of a child. (D.E. 1, at 3). In Ground One, he claims that the prosecutor deprived him of his constitutional rights by altering exhibits. Id. at 11. Consequently, he asserts that his conviction was based on an involuntary and coerced confession. Id. at 7, 11. In Ground Two, he claims that the trial court denied his constitutional rights by refusing to rule on his various motions. Id. at 11. In Ground Three, he claims that he was denied his right to a direct appeal. Id. Moreover, he alleges that the prosecution failed to provide him with favorable evidence and that his trial counsel was ineffective. Id. at 7.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the

district court for the district where such person is in custody. <u>Story v. Collins</u>, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

<u>Mitchell v. Henderson</u>, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted on August 25, 2000 in the 329th Judicial District Court in Wharton County, Texas, (D.E. 2, at 4), which is located in the Houston Division of the Southern District of Texas. <u>See</u> 28 U.S.C. § 124(b)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district or division for disposition. <u>See</u> 28 U.S.C. § 1404(a). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Southern District of Texas, Houston Division.

ORDERED this 25th day of July 2008.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

2